UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

CASE NO. 7:20-cv-941-CS

       Plaintiff,

-against-

~~PROPOSED~~ DEFAULT JUDGMENT OF FORECLOSURE AND SALE

Public Administrator of Westchester County, as
administrator of the Estate of Helen M. Hornbeck aka
Helen Miller Hornbeck, deceased, Geoffrey Hornbeck;
Ruth Pauline Reader aka Ruth P. Reader; Mathew W. Reader
aka Mathew Reader; Unknown Heirs of the Estate of Helen M.
Hornbeck aka Helen Miller Hornbeck, deceased; United States
of America o/b/o Internal Revenue Service; New York State
Department of Taxation and Finance; Board of Managers of
Heritage Hills of Westchester Condominium 25; Board of
Managers of Heritage Hills of Westchester Condominium 1;
Board of Managers of Heritage Hills Society, Ltd; Andria
Cassidy; "JOHN DOE #1-5" and "JANE DOE #1-5", said
names being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises being foreclosed herein,

       Defendants

On the summons and amended complaint filed on August 10, 2021, the Affirmation and Memorandum of Law of John Manfredi, attorney for the Plaintiff, the affidavit of Mikel Anderson sworn to on November 23, 2021, the affidavits of service filed with this Court, the certificates of default entered by the Clerk, and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a mortgage on real property located in Westchester County.

The defendants herein has been duly served with the summons and amended complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended by consent or by order of this Court. No answer or motion directed to the amended

complaint has been interposed by or on behalf of the defendants. The defendants are not infants, incompetent or absentee. Accordingly, the defendants are in default.

A notice of pendency containing all the particulars required by law has been duly filed as aforesaid in the Westchester County Clerk's Office on February 18, 2020.

The mortgaged premises should be sold in one parcel.

The amount due to plaintiff on the note and mortgage described in the amended complaint is $586,819.60 as of November 15, 2021.

**NOW**, on motion of plaintiff The Secretary of the U.S. Department of Housing and Urban Development, an Agency of the United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the defendants Public Administrator of Westchester County, as administrator of the Estate of Helen M. Hornbeck aka Helen Miller Hornbeck, deceased, Geoffrey Hornbeck; Ruth Pauline Reader aka Ruth P. Reader; Mathew W. Reader aka Mathew Reader; United States of America o/b/o Internal Revenue Service; New York State Department of Taxation and Finance; Board of Managers of Heritage Hills of Westchester Condominium 25; Board of Managers of Heritage Hills of Westchester Condominium 1; Board of Managers of Heritage Hills Society, Ltd; and Andria Cassidy are in default; and it is

**ORDERED AND ADJUDGED** that this action is dismissed against defendants "John Doe #1-5" and "Jane Doe #1-5" and "Unknown Heirs of the Estate of Helen M. Hornbeck aka Helen Miller Hornbeck, deceased;" and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $403,727.96 in principal, accrued interest in the sum of $141,431.62 due as of November 15, 2021, service charges of $4,680.00, mortgage insurance premium of $36,980.02, and the sum of $2,757.44 as taxed by the Court for the costs and disbursements due to the plaintiff in this action, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the amended complaint and as hereinafter described, shall be sold as provided by New York Real Property Actions and Proceedings Law ("N.Y. RPAPL"), in one parcel, at public auction to be held at Westchester County Supreme Court, at 111 Dr Martin Luther King Jr. Boulevard, White Plains, NY 10601 by and under the direction of Kevin Plunkett, Esq. with offices at 22 Birch Way, Tarrytown,

NY 10591 who is hereby appointed Master for that purpose. That said Master give public notice of the time and place of said sale in accordance with N.Y. RPAPL § 231 by advertising in The Journal News, and it is

**ORDERED AND ADJUDGED,** that the Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master, ten percent of the sum bid, and shall execute a Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED AND ADJUDGED,** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED AND ADJUDGED,** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless otherwise stipulated by all parties. The Master shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond thirty days may be stipulated among the parties, with Master's consent, up to ninety days from the date of sale, any adjournment beyond ninety days may be set only with the approval of the Court, and it is further

**ORDERED AND ADJUDGED,** that said Master shall deposit the balance of said proceeds of sale in his own name as Master in his attorney client-fund / escrow bank account, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: The sum of $750.00 paid to said Master for Master fee herein.

2nd: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale.

3rd: Pursuant to N.Y. Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which

are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

4th: The sum of $2,757.44 adjudged as aforesaid due to Plaintiff for its costs and disbursements in this action, and the sum of $586,819.60, the amount adjudged due to the Plaintiff under the note and mortgage as of as of November 15, 2021, plus post judgment interest accruing thereon pursuant to 28 U.S.C. § 1961(b) from the date of entry of judgment.

Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court, and it is

**ORDERED AND ADJUDGED**, that in case the plaintiff is the purchaser of the mortgaged premises at said sale, the Master shall not require the plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the plaintiff a deed of the mortgaged premises sold upon payment to the Master of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Master, or in lieu of the payment of said last mentioned amounts, upon filing with said Master receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Master upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Master, upon delivery to plaintiff of said Master's deed, the amount of such surplus which shall be applied by the Master, upon motion made pursuant to N.Y. RPAPL § 1351(3) and proof of satisfactory to the Master of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to N.Y. RPAPL § 1354(3), which payment shall be reported in the Master's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with N.Y. RPAPL § 1354(4) and the Master shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

**ORDERED AND ADJUDGED**, that the Master shall file a Report of Sale under oath with the Clerk of the Court, showing the disposition of the proceeds of the sale, with all convenient

speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in the Report of Sale, and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof, and it is

**ORDERED AND ADJUDGED,** that the mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts than an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the N.Y. Real Property Actions and Proceedings Law. Risk of loss shall not pass to purchaser until closing of title, and it is further

**ORDERED AND ADJUDGED,** that in the absence of Master, the Court may designate a Substitute Master forthwith.

The premises affected by this action are situated entirely within the County of Westchester and designated as <u>609B Heritage Hills, Somers, New York 10589</u> further described in annexed Schedule "A", together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said mortgage as described in the complaint.

Dated: _White Plains_, New York.
1/5/22

_Cathy Seibel_
Honorable Cathy Seibel
U.S. District Court Judge

Case 7:20-cv-00941-CS Document 77 Filed 12/07/21 Page 6 of 7
Case 7:20-cv-00941-CS Document 79 Filed 01/05/22 Page 6 of 7
WebTitle File No.: WTA-19-011427 Amend 1  Client File No.:

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

THE UNIT known as Unit No. 609-B (hereinafter called "the Unit") in the Declaration establishing a plan for condominium ownership of said Building and the land on which it is erected (hereinafter called the "Property"), made by the Grantor under the Condominium Act of the State of New York (Article 9-B of the Real Property Law of the State of New York), dated 1988, recorded in the Office of the Clerk of Westchester County, Division of Land Records, on the 1st day of September, 1988, in Liber 9296 of conveyances, at Page 20 (hereinafter called the "Declaration"), and also designated as Tax Lot No. 609-B, Sheet 9, Block 1225 on the Tax Rolls of the Assessor of the Town of Somers and further designated and shown on the Floor Plans, certified by William R. Silver, Architect, dated the 29th day of August, 1988 and filed in the Office of the Clerk of Westchester County, Division of Land Records, on September 1, 1988 as Map No. 23368. The land on which the Building containing the Unit is located (and on which the other buildings forming a part of Heritage Hills of Westchester Condominium 25 are located) is described as follows:

ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate lying and being in the Town of Somers, County of Westchester, State of New York, shown on a certain map entitled; "Map of Condominium Number Twenty Five Heritage Hills of Westchester", said map filed in the Westchester County Clerk's Office, Division of Land Records on June 30, 1987 as Map Number 22843 being more particularly described as follows:

BEGINNING at a point, said point being the north east corner of Lot 4 as shown on a certain map entitled "Subdivision Plat known as Lovell Park", filed April 30, 1974 as Map. No. 18194;

THENCE proceeding in a westerly direction along a stone wall South 79 degrees 45 minutes 38 seconds West 142.04 feet, South 81 degrees 10 minutes 56 seconds West 198.18 feet, South 81 degrees 10 minutes 38 seconds West 210.18 feet, and North 84 degrees 51 minutes 05 seconds West 9.82 feet to the easterly line of Condominium Number 26;

THENCE turning in a northerly direction along the aforementioned Condominium Number 26 North 3 degrees 10 minutes 00 seconds East 829.42 feet, North 86 degrees 40 minutes 00 seconds East 169.41 feet South 76 degrees 40 minutes 00 seconds East 345.00 feet, and North 7 degrees 20 minutes 00 seconds North 341.57 feet along the southerly and easterly lines of proposed Recreation Area 4;

THENCE South 66 degrees 10 minutes 00 seconds North 47.08 feet;

THENCE on a curve to the right having a radius of 175.00 feet, a distance of 228.06 feet;

THENCE North 50 degrees 50 minutes 00 seconds East 50.00 feet to the northerly side of a proposed road and the southerly lines of Condominium Number 27;

THENCE on a curve to the left having a radius of 125.00 feet, a distance of 162.90 feet;

THENCE North 66 degrees 10 minutes 00 seconds East 186.11 feet;

THENCE on a curve to the right having a radius of 525.00 feet, a distance of 352.01 feet;

THENCE South 75 degrees, 25 minutes 00 seconds east 268.39 feet along the southerly line of a proposed golf course, to the northwesterly corner of Condominium Number 17;

THENCE continuing along the westerly lines of Condominium Number 17, South 14 degrees 35 minutes 00 seconds West 50.00 feet, South 6 degrees 13 minutes 30 seconds east 354.55 feet, South 48 degrees 00 minutes 00 seconds east 344.00 feet, South 3 degrees 30 minutes 00 seconds East 90.00 feet, South 30 degrees 00 minutes 00 seconds West 400.00 feet, the same being the northwesterly line of Condominium Number 24;

Case 7:20-cv-00941-CS Document 77 Filed 12/07/21 Page 7 of 7
Case 7:20-cv-00941-CS Document 79 Filed 01/05/22 Page 7 of 7
WebTitle File No.:    WTA-19-011427 Amend 1                                    Client File No.:

THENCE proceeding along the aforementioned, South 49 degrees 00 minutes 00 seconds West 488.00 feet, and South 74 degrees 35 minutes 00 seconds West 344.11 feet, to the northwesterly corner of Condominium Number 24 and the easterly line of Lot 2, Lovell Park;

THENCE continuing along stone wall North 10 degrees 04 minutes 25 seconds North 122.28 feet, and North 5 degrees 58 minutes 50 seconds West 287.74 feet, to the point and place of beginning.

TOGETHER with an undivided .648 percent interest in the common elements of the property as defined in the Declaration (hereinafter called the "common elements").

Premises:          609B Heritage Hills, Somers, NY 10589
Tax Parcel ID No.: Section: 16.08 Block: 20 Lot: 25.-6092